(123 App. Div. 167.)

## In re TUTTLE'S WILL.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1908.)

1. WILLS—TESTAMENTARY CAPACITY—SUFFICIENCY OF EVIDENCE.

Under Code Civ. Proc. § 2623, providing that if it appears to the surrogate that a will was duly executed, and that testator at the time of executing it was in all respects competent to make a will and not under restraint, it must be admitted to probate, etc., evidence examined, and *held* insufficient to support a finding of testator's competency and freedom from restraint.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 137–161.]

2. SAME—PROBATE—REVIEW—QUESTIONS OF FACT.

Under the express provisions of Code Civ. Proc. § 2586, where an appeal from an order or decree of a Surrogate Court is taken on the facts, the Appellate Court has the same power to decide the question of fact which the surrogate had.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 872.]

Appeal from Surrogate's Court, Herkimer County.

In the matter of proving the will of Jerome B. Tuttle, deceased, offered for probate by William H. Kittle. From a decree of the surrogate admitting the will and codicil to probate, Alden C. Tuttle, contestant, appeals. Reversed, and questions of fact involved ordered tried before a jury, under Code Civ. Proc. § 2588.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

J. I. Casey, for appellant.
J. E. Rafter and A. M. Mills, for respondent.

WILLIAMS, J. The decree should be reversed on the facts, with costs to abide event, and trial ordered before a jury, under section 2588, Code Civ. Proc.

The only question here involved is whether there was evidence of competency of the testator and freedom from restraint at the time the will was executed sufficient to authorize the surrogate to admit the will to probate under section 2623 of the Code. The evidence of Mr. Rafter and that of Mr. Kittle, so far as objected and excepted to, should be disregarded as incompetent and improper. The testator was born in 1832, and died June 5, 1906. The will was executed October 7, 1904, and the codicil November 25, 1904. Testator left a son, a daughter, and a grandson by a deceased son of the testator, his only heirs and next of kin. He left three farms and the personal property thereon. No proof was given of the values of the respective farms, or personal property thereon, or what other personal property he had, if any, besides that on the farms. By his will he gave his son the Diefendorf farm, of 175 acres, and personal property thereon, and $2,000 to be paid him by the grandson. He gave his grandson the Doolittle farm, of 225 acres, and personal property thereon, and directed him to pay the son $2,000, which was made a lien on the farm of the grandson. The codicil revoked the $2,000 provision of the will. By the will he gave his daughter the home farm, of 68 acres, and the personal property thereon, including household furniture, etc., and

made her his residuary legatee, and her husband executor. The three farms were in the town of German Flats, Herkimer county, and the home farm within the limits of the village of Mohawk. We are unable to say whether the will and codicil made an unequal division of the property; the relative values of the farms, etc., not appearing from the record. There was at least a substantial provision for each of the three heirs and next of kin. The parties seem to have been playing sharp on the trial, and to have taken chances as to what would result from the evidence given rather than give such evidence as was at hand. The deceased had lived in the locality where he died for many years. The witness Richardson had known him for 20 years. The witness Dr. Casey had known him since he, witness, was a boy, and had attended him as a physician for several months prior to the execution of the will, and testified deceased had Bright's disease, which impaired his physical strength, and his eyesight had become impaired by the disease. The witness Edger Chapman had known deceased for 30 to 35 years, and knew that he had trouble with his eyes and was doctoring for a number of different diseases, had fever sores on his legs, and was out of health. The other witness to the codicil was wife of this witness. Mr. Kittle, the executor, married his daughter, and lived in the same house with him for years before he died, conversed with him frequently before and after the execution of the will and codicil, and observed his actions and life day after day. Here were witnesses in court whose evidence could be given to show whether deceased was competent when he made the will and codicil without calling his neighbors who were not in court. The four witnesses to the will and codicil could have expressed their opinions as to his competency. They could very likely have given more or less conversations with the deceased, and then have testified whether such conversations impressed them as rational or irrational. The witness Kittle, the executor, had many conversations and full opportunity for years to observe the conduct of deceased. He could have testified to such conversations and described such conduct, and could then have testified whether the conversations and conduct detailed by him impressed him as rational or irrational. The evidence here suggested as at hand and not used may have tended to show competency or incompetency—we do not know which. But neither side saw fit to give it. The freedom from restraint, in the absence of direct evidence thereof, could have been very safely inferred from the other evidence in the case we have suggested, if competency was found to exist. If incompetency was found, restraint or its absence would be immaterial, unimportant. The evidence here does not seem to be sufficient, under the circumstances, to support the finding of competency and freedom from restraint, under the section of the Code above referred to. It is not quite right that this question of fact should be left in doubt and determined by the court upon inferences and technicalities, when the evidence to determine the question is at hand, and can easily be obtained. We are unwilling to dispose of the questions of fact upon the showing made by the parties before the surrogate.

We are given the same power as the surrogate to decide questions of fact upon such an appeal as this, and the duty rests upon us to look

into the facts and determine whether the decision of the surrogate is correct. Code Civ. Proc. § 2586.

We think there should be a reversal of this decree on the facts, and therefore we must order the questions of fact involved to be tried before a jury under section 2588 of the Code.

Decree of Surrogate's Court reversed, with costs to the appellant to abide event, payable out of the estate, and the following questions of fact are hereby ordered to be tried by a jury at a Trial Term of the Supreme Court, to be held in and for the county of Herkimer, commencing on the 6th day of April, 1908, viz.: (1) Was the alleged testator competent to make a last will and testament at the time the will proposed for probate was alleged to have been executed? (2) Was such will, if executed, the free and voluntary act of the decedent? (3) Was the will offered for probate signed and duly executed by the decedent? All concur.